

# Notice of Service of Process

null / ALL
Transmittal Number: 25677951
Date Processed: 10/06/2022

| | |
|---|---|
| **Primary Contact:** | Jen Majic<br>UNUM<br>1 Fountain Sq<br>Mailstop 7N200<br>Chattanooga, TN 37402-1306 |
| **Electronic copy provided to:** | Judy Drake<br>Janna Thomas |
| **Entity:** | UNUM Life Insurance Company Of America<br>Entity ID Number  2979591 |
| **Entity Served:** | Unum Life Insurance Company of America |
| **Title of Action:** | Yvonne Maddox vs. Unum Life Insurance Company |
| **Matter Name/ID:** | Yvonne Maddox vs. Unum Life Insurance Company (13038489) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Trimble County Circuit Court, KY |
| **Case/Reference No:** | 22-CI-00084 |
| **Jurisdiction Served:** | Kentucky |
| **Date Served on CSC:** | 10/04/2022 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Mehr Fairbanks Trial Lawyers, PLLC<br>859-225-3731 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | Case #: **22-CI-00084**<br>Court:  **CIRCUIT**<br>County: **TRIMBLE** |

Plantiff, MADDOX, YVONNE VS. UNUM LIFE INSURANCE COMPANY OF AMERICA, Defendant

TO: **CORPORATION SERVICE COMPANY**
   **421 WEST MAIN STREET**
   **FRANKFORT, KY 40601**

Memo: Related party is UNUM LIFE INSURANCE COMPANY OF AMERICA

The Commonwealth of Kentucky to Defendant:
**UNUM LIFE INSURANCE COMPANY OF AMERICA**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Stacy Bruner, Trimble
Circuit Clerk
Date: **9/29/2022**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20 _____        _____
                                          Served By

                                         _____
                                          Title

Summons ID: 509893234597764@00001130152
CIRCUIT: 22-CI-00084 Certified Mail
MADDOX, YVONNE VS. UNUM LIFE INSURANCE COMPANY OF AMERICA

  

COMMONWEALTH OF KENTUCKY
TRIMBLE CIRCUIT COURT
CIVIL ACTION NO. _____
*Electronically Filed*

YVONNE MADDOX                                                                    PLAINTIFF

vs.                                **COMPLAINT**

UNUM LIFE INSURANCE COMPANY                                                      DEFENDANT
OF AMERICA

    **To be served through:**
    Corporation Service Company
    421 West Main Street
    Frankfort, KY 40601

\*\*\* \*\*\* \*\*\* \*\*\*

Comes the Plaintiff, Yvonne Maddox, and for her Complaint against Defendant, Unum Life Insurance Company of America, states as follows:

1. Plaintiff Yvonne Maddox is a citizen and resident of Trimble County, Kentucky.

2. Defendant Unum Life Insurance Company of America ("Unum") is an insurance company believed to be domiciled in the state of Maine, authorized to do the business of insurance in Kentucky by holding a Kentucky Certificate of Authority. Unum's statutory home office is located at 2211 Congress Street, Portland, Maine 04122.

3. Unum's service of process agent is Corporation Service Company, located at 421 West Main Street, Frankfort, Kentucky 40601, and may be served through the service of process agent.

4. Jurisdiction and venue are proper in this Court because Defendant transacts business and caused damages in the Commonwealth of Kentucky, and Plaintiff resides in, and was caused harm in, Trimble County, Kentucky.



5. At the time of the circumstances giving rise to this lawsuit, Plaintiff was an employee of Norton Healthcare, Inc., employed as a Registered Nurse.

6. Norton Healthcare, Inc. established and provided a long-term disability plan ("Plan" or "LTD Plan") to its employees, which includes Plaintiff. The long-term disability ("LTD") policy number is believed to be 604657 001.

7. Plaintiff was covered and eligible under the Plan.

8. The disability policy defines disability and entitles Plaintiff to receive LTD benefits, if Plaintiff meets the following definition:

> HOW DOES UNUM DEFINE DISABILITY FOR THE FIRST 24 MONTHS OF PAYMENTS?
>
> Group 1
> You are disabled when Unum determines that due to your sickness or injury:
>
> 1. You are unable to perform the material and substantial duties of your regular occupation and are not working in your regular occupation or any other occupation
>
> or,
>
> 2. You are unable to perform one or more of the material and substantial duties of your regular occupation, and you have a 20% or more loss in your indexed monthly earnings while working in your regular occupation or in any occupation.
>
> You must be under the regular care of a physician in order to be considered disabled.
>
> The loss of a professional or occupational license or certification does not, in itself, constitute disability.
>
> HOW DOES UNUM DEFINE DISABILITY AFTER 24 MONTHS OF PAYMENTS?
>
> Group 1
> You are disabled when Unum determines that due to the same sickness or injury:

Filed                22-CI-00084      09/29/2022              Stacy Bruner, Trimble Circuit Clerk

> You are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.
>
> You must be under the regular care of a physician in order to be considered disabled.
>
> The loss of a professional or occupational license or certification does not, in itself, constitute disability.

9. Defendant has a responsibility for payment of any disability benefits due according to the terms and conditions of the disability policy.

10. Plaintiff, while working for Norton Healthcare, Inc., became disabled under the terms of the disability policy, which disability arose after the Effective Date of the policy, and she was unable to return to work at Norton Healthcare, Inc. since on or about April 25, 2021, and remains disabled under the terms of the disability policy.

11. Plaintiff timely and properly submitted a claim to Defendant, consistent with the terms of the disability policy. Plaintiff's disability claim number is believed to be 20163953.

12. Prior to her LTD claim, Plaintiff received short-term disability benefits through exhaustion.

13. By letter dated December 7, 2021, Defendant denied Plaintiff's claim for LTD benefits under the policy.

14. On June 1, 2022, Plaintiff timely and properly appealed the denial of her LTD benefits, in the manner set forth in the applicable policy.

15. Plaintiff submitted additional documentation supporting her disability, including an independent medical evaluation, with her appeal on June 1, 2022 and correspondence thereafter.

16. By letter dated August 5, 2022, Defendant upheld the denial of Plaintiff's claim for LTD benefits.



17. The August 5, 2022 letter states Plaintiff has "a right to bring a civil suit under section 502 (a) of the Employee Retirement Income Security Act of 1974."

18. Plaintiff is entitled to payment of disability benefits, as Plaintiff meets the definition of "disability" under the terms of the applicable policy.

19. The LTD insurance is an employee benefit governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.

20. The Plaintiff has exhausted any administrative remedies that may be required under the insurance contract and/or by law.

## COUNT I

21. Plaintiff incorporates by reference all of the preceding paragraphs as if fully stated herein.

22. This count is brought under ERISA pursuant to 29 U.S.C. § 1132(a)(1)(B) as a result of Defendant's improper denial of benefits under the applicable plan and to recover benefits under the terms of the plan.

23. Defendant's decision to deny benefits, and its refusal to approve benefits after receiving additional evidence on appeal, was wrong, arbitrary and capricious, against the evidence provided to Defendant, and a breach of fiduciary duty, all of which entitles Plaintiff to benefits under the terms of the plan, interest, and attorney's fees under 29 U.S.C. § 1132(a)(1)(B) and (g).

24. Defendant has an inherent conflict of interest because it not only is the entity responsible for paying benefits to Plaintiff, but it is also the entity that makes the determination of whether Plaintiff qualifies for those benefits.

25. Defendant employed nurses and doctors to perform file reviews of Plaintiff's claim and used these file review reports to support its denials of benefits. The nurses and doctors employed by Defendant did not examine or speak with Plaintiff.

26. Despite Plaintiff's willingness to present to an independent evaluation and Defendant's authority to have Plaintiff examined under the terms of the policy, Defendant did not examine Plaintiff.

27. Defendant's review processes, including its failure to examine Plaintiff, lacked due process to Plaintiff.

28. Defendant's review processes, including its failure to examine Plaintiff, were biased in favor of Defendant.

29. Defendant's internal review is not subject to abuse of discretion review, and Plaintiff's claim should be reviewed *de novo*.

30. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff demands the following relief:

Judgment against Defendant for full contractual benefits under the applicable policy under 29 U.S.C. § 1132(a)(1)(B) and attorney's fees and interest under 29 U.S.C. § 1132(g) pursuant to ERISA.

Respectfully submitted:

*/s/ Elizabeth A. Thornsbury*
ELIZABETH A. THORNSBURY
Email: elizabeth@austinmehr.com
PHILIP G. FAIRBANKS
Email: pgf@austinmehr.com
**Mehr Fairbanks Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
*Counsel for Plaintiff*



Stacy Bruner, Trimble Circuit Clerk
P.O. Box 248
Bedford, KY 40006-0248



USPS CERTIFIED MAIL

9236 0901 9403 8391 2158 76

Case Number: 22-CI-00084

Restricted Delivery
CORPORATION SERVICE COMPANY
421 WEST MAIN STREET
FRANKFORT, KY 40601



**KCOJ eFiling Cover Sheet**

Case Number: 22-CI-00084
Envelope Number: 5098932
Package Retrieval Number: 509893234597764@00001130152
Service by: Certified Mail
Service Fee: $ 0.00
Postage Fee: $ 14.41

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Presiding Judge: HON. DOREEN GOODWIN (612363)

ackage : 000001 of 000010



CERTIFIED MAIL™

4C60181815 CC03

quadient
FIRST-CLASS MAIL
IMI
$013.16 °
09/29/2022 ZIP 40601
043M31236114

US POSTAGE

Appendix to Notice of Removal